UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
RASHFORD E. GALLOWAY,               :
                                    :
        Plaintiff,                  :   Civ. No. 14-6372 (NLH)
                                    :
    v.                              :   OPINION and ORDER
                                    :
UNITED STATES OF AMERICA,           :
                                    :
        Defendant.                  :
_____:

APPEARANCES:
Rashford E. Galloway, #17700-058
McRae Correctional Facility
P.O. Box Drawer 30
McRae, GA 31055
    Plaintiff Pro se

Plaintiff Rashford E. Galloway, an inmate currently confined at the McRae Correctional Facility in McRae, Georgia, brings this civil rights action asserting claims pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401, 2671, et seq., and submits an application to proceed in forma pauperis. Plaintiff's previous application to proceed in forma pauperis was denied and the case was administratively terminated per an Order dated October 16, 2014. (ECF No. 3).

Pursuant to the terms of that Order, Plaintiff was to be supplied with a blank in forma pauperis application form to be used in any future filings. On October 28, 2014, however, the Court received a letter from Plaintiff indicating that he never

received the blank application form.  Plaintiff's letter also indicated that he read the terms of the Court's October 16, 2014 Order and that he understands the consequences and obligations of proceeding in forma pauperis.  Plaintiff also attached an account statement which is signed by a prison official.

For the foregoing reasons, the Court finds that leave to proceed in forma pauperis is conditionally authorized, subject to Plaintiff's completion and submission of an in forma pauperis application form, which shall be supplied to him along with a copy of this Order.  The Court hereby grants leave to proceed without prepayment of fees. See 28 U.S.C. § 1915.  This case is subject to sua sponte screening by the Court, and the Complaint will be screened in due course. See 28 U.S.C. §§ 1915(e)(2)(B); see also 28 U.S.C. § 1915A; 42 U.S.C. § 1997e.

IT IS therefore on this   2nd   day of   July   , 2015,

ORDERED that Plaintiff's application to proceed in forma pauperis is CONDITIONALLY GRANTED, subject to Plaintiff's completion and submission of an in forma pauperis application form; and it is further

ORDERED that the Clerk of the Court shall supply to Plaintiff a blank form entitled "Affidavit of Poverty and Account Certification (Civil Rights) (DNJ-ProSe-007-A-(Rev.05/2013))," to filled out by Plaintiff and returned to the

Court within 30 days of the date of this Order; and it is further

ORDERED that the Clerk of the Court shall file the Complaint; and it is further

ORDERED that SUMMONS SHALL NOT ISSUE, at this time, as the Court's sua sponte screening has not yet been completed; and it is further

ORDERED that that the time to serve process under FED. R. CIV. P. 4(m) is hereby extended to the date 120 days after the Court permits the Complaint to proceed; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the United States Attorney's Office and the warden of McRae Correctional Facility; and it is further

ORDERED that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case as a result of its sua sponte screening, or Plaintiff's case is otherwise administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of

3

the filing fee, or any part of it, that has already been paid; and it is further

ORDERED that pursuant to Siluk v. Merwin, 783 F.3d 421 (3d Cir. 2015), as amended (Apr. 21, 2015), as amended (Apr. 28, 2015), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a single, monthly 20% deduction, "and the cases and/or appeals that an inmate has filed [sha]ll be paid off sequentially," Siluk, 783 F.3d at 426 (emphasis in original); i.e., the first-filed case shall be paid off in full, then the second-filed case, etc., until all fees have been paid in full; and it is further

ORDERED that, with respect to this case, when Plaintiff's fees become ripe for payment in accordance with Siluk, in each month that the amount in Plaintiff's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account,

4

and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, pursuant to 28 U.S.C. § 1915(b)(2) and each payment shall reference the civil docket number of this action.

    __s/ Noel L. Hillman_____
NOEL L. HILLMAN
United States District Judge

At Camden, New Jersey